JOHN RHODES
Assistant Federal Defender
Federal Defenders of Montana
Missoula Branch Office
P.O. Box 9380
Missoula, Montana 59807-9380
(406) 721-6749

Counsel for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RALPH LEON FOX,<br><br>Defendant. | Case Number CR-07-47-M-DWM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR BILL OF PARTICULARS** |

Ralph Leon Fox (Mr. Fox), the Defendant in the above-entitled action, by and through his attorneys, John Rhodes and the Federal Defenders of Montana, hereby submits the following Memorandum of Points and Authorities in Support of his Motion for Bill of Particulars.

## Introduction

Defendant Ralph Leon Fox is charged by Indictment in three substantive counts and a forfeiture count.  Count I of that Indictment charges Sexual Exploitation of Children.  While relying on statutory language, the United States fails to indicate with specificity the nexus with interstate commerce, choosing instead to present three separate theories of culpability.  The discovery produced does not expressly advise Mr. Fox how visual depictions will be transported in interstate or foreign commerce or mailed, if visual depictions were produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or if such visual depiction had actually been transported in interstate or foreign commerce or mailed.

## Argument

A motion for bill of particulars is one of the few procedural devices a defendant can use to obtain sufficient information to prepare and present an adequate defense.  Fed. R. Crim. P.  7(f) provides:

> **(f) Bill of Particulars.**  The court may direct the filing of a bill of particulars.  A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit.  A bill of particulars may be amended at any time subject to such conditions as justice requires.

A district court has very broad discretion in ruling upon requests for bills of particulars.  *Will v. United States*, 389 U.S. 90, 98-99 (1967).  A court should direct the filing of a bill of particulars where the "information is necessary or useful in the defendant's preparation for trial." *Will*, 389 U.S. at 99.  Rule 7(f) was amended, effective July 1, 1966.  The purpose of said amendment is to eliminate the requirement of a showing of cause and "to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases."  Notes of Advisory Committee to Fed. R. Crim. P.

7(f) (as amended July 1, 1966).

The purpose of a bill of particulars is threefold:

1.      To inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial. *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir.), *cert. den.*, 444 U.S. 979 (1979); *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984); *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963) (to "enable him to prepare an intelligent defense.")

2.      To avoid or minimize the danger of surprise at the time of trial. *Giese*, 597 F.2d at 1180; *Williams v. United States*, 289 F.2d 598, 600-601 (9th Cir. 1961); *United States v. Andrino*, 501 F.2d 1373, 1378 (9th Cir. 1994) ("its fundamental purpose being the avoidance of surprise at trial."); *Schino v. United States*, 209 F.2d 67, 70 (9th Cir. 1954).

3.      To protect the defendant against double jeopardy, i.e., to protect against a second prosecution for the same offense. *Giese*, 597 F.2d at 1180; Cook v. United States, 354 F.2d 529, 531 (9th Cir. 1965); *Remmer v. United States*, 205 F.2d 277, 281 (9th Cir. 1953).

The intent of a bill of particulars is "to supplement the indictment by providing more detail of the facts upon which the charges are based. It normally responds to specific questions formulated by the defendant." *United States v. Inryco, Inc.*, 642 F.2d 290, 295 (9th Cir. 1981).

In deciding whether or not to grant a motion for bill of particulars, a court "should consider whether the defendant has been advised adequately of the charges through the indictment and all of the disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1963). A bill of particulars is appropriate when the indictment is insufficient to permit the preparation of an adequate defense. *United States v. Dicesare*, 765 F.2d 890, 897 (9th Cir. 1985).

In *Long*, 706 F.2d at 1054, the court stated that "[a] motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense [citing *Will v. United States*, 389 U.S. 90, 99 (1967) and other cases]."

Without a Bill of Particulars, Mr. Fox cannot properly prepare to defend himself against the

allegations in the first two counts of the Indictment.  The disjunctive Indictment and discovery

produced to date fail to advise Mr. Fox of the manner in which his alleged acts affected interstate

commerce.  He is therefore required to prepare for all manner of possibilities of interstate commerce

nexus.  Such a requirement violates Mr. Fox's Constitutional rights in that it prevents adequate and

effective trial preparation nor will he be able to avoid or minimize the danger of surprise at the time

of trial.

### Requested Particulars

1.      With respect to Count I of the Indictment, identify whether the defendant knew that

production of such [a] visual depiction[s] either

> a)      will be [mailed] [shipped] [transported] in interstate or foreign commerce, *or*
>
> b)      was produced using material that had been [mailed] [shipped] [transported]
>
>         in interstate or foreign commerce [by computer [or other means]], *or*
>
> c)      has actually been transported in interstate or foreign commerce or mailed.

2.      If the Government alleges that Count I refers to Mr. Fox's knowledge that production

of visual depictions would be mailed, shipped, or transported in interstate or foreign commerce,

specify the manner of such mailing, shipping, or transporting in interstate commerce.

3.      If the Government alleges that Count I refers to Mr. Fox's knowledge that production

of visual depictions were produced using material that had been mailed, shipped, or transported in

interstate or foreign commerce by computer or other means, specify what that material is and

whether it was by computer;  if by other means, particularize the means.

4.      If the Government alleges that Count I refers to Mr. Fox's knowledge that production

of visual depictions had actually been transported in interstate or foreign commerce specify when

and how the depictions were transported; if mailed, the date the depictions were mailed.

WHEREFORE, for the foregoing reasons Mr. Fox prays this Honorable Court will Order the

United States to provide a Bill of Particulars addressing questions 1 through 4, above, and for

whatever further relief this Court deems necessary and just.

RESPECTFULLY SUBMITTED this 17th day of August, 2007.


RALPH LEON FOX

By: */s/ John Rhodes*
JOHN RHODES
Assistant Federal Defender
Federal Defenders of Montana
P.O. Box 9380
Missoula, MT 59807
Counsel for Defendant

**CERTIFICATE OF SERVICE**
**L.R. 5.2(b)**

I hereby certify that on August 17, 2007, a copy of the foregoing document was served on the following persons by the following means:

<u>1, 2</u>    CM-ECF

\_\_\_\_    Hand Delivery

<u>3</u>    Mail

\_\_\_\_    Overnight Delivery Service

\_\_\_\_    Fax

\_\_\_\_    E-Mail

1.    CLERK, UNITED STATES DISTRICT COURT

2.    MARCIA HURD
Assistant United States Attorney
United States Attorney's Office
P.O. Box 1478
Billings, MT 59103
    Counsel for the United States of America

3.    RALPH FOX
c/o Missoula County Regional Detention Facility
2340 Mullan Road
Missoula, MT 59808
    Defendant

By:    */s/ John Rhodes*
JOHN RHODES
Assistant Federal Defender
Federal Defenders of Montana
P.O. Box 9380
Missoula, MT 59807
    Counsel for Defendant