JOHN RHODES
Assistant Federal Defender
Federal Defenders of Montana
Missoula Branch Office
P.O. Box 9380
Missoula, Montana 59807-9380
(406) 721-6749

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| UNITED STATES OF AMERICA, | Case Number CR-07-47-M-DWM |
|---|---|
| Plaintiff, | |
| vs. | BRIEF IN SUPPORT OF MOTION TO CONTINUE BENCH TRIAL |
| RALPH LEON FOX, | |
| Defendant. | |

      RALPH LEON FOX, the above-named Defendant, by and through his counsel of record,

JOHN RHODES and the FEDERAL DEFENDERS OF MONTANA, moves the Court to continue

the February 19, 2008, bench trial set by order dated February 8, 2008. This motion results from the

parties' dispute regarding the discovery provisions of the Adam Walsh Act. Per the earlier motion

and briefing to the Court on this issue, the parties contest whether the defense's forensic review of

the computer hard drives at issue can be accomplished at the State Crime Lab in Helena without

violating Mr. Fox's legal rights as detailed in his Brief in Support of Motion to Produce True

Forensic, Bit by Bit E01 Images of All Hard Drives and All Other Electronic Media to

Defense Counsel.

While the motion remained pending with the Court, on February 8, 2008, the parties agreed to an alternative discovery plan. As detailed below, under that agreement, the defense forensic review cannot be accomplished by February 19, 2008. For this reason, Mr. Fox moves to continue the February 19, 2008, trial date. AUSA Marcia Hurd has been consulted regarding this motion, and the government does not oppose it.

**FACTS**

Mr. Fox has been charged by Indictment in three substantive counts and a forfeiture count.

The first count charges Sexual Exploitation of Children, a violation of 18 U.S.C. § 2251(a). Count I carries a mandatory life sentence.

Counts II and III, respectively, charge Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Counts II and III carry mandatory minimum sentences of 15-40 years and 10-20 years, respectively.

Count I of the Indictment states, in pertinent part, that Mr. Fox:

> . . . used, persuaded, induced, enticed, or coerced a minor, (name withheld to protect victim's privacy, d/o/b –/–/99), to engage in, or had a minor assist any other person to engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, if such person knows or has reason to know that such visual depiction will be transported in interstate or foreign commerce or mailed, if that visual depiction was produced using material that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported in interstate or foreign commerce or mailed, in violation of 18 U.S.C. § 2251(a).

In its Response to Defendant's Motion For Bill Of Particulars, the government further "alleges that the images in Count I were produced by Mr. Fox using material that had been mailed, shipped, or transported in interstate foreign commerce by any means." The government further claims that "[a]ll of the materials used to produce the images including but not limited to computer(s), hard device(s),

digital camera(s) and various storage media were manufactured outside the state of Montana and thus were mailed, shipped or transported in interstate or foreign commerce to arrive in Montana for Fox's use in the crimes alleged."

Count II of the Indictment states, in pertinent part, that Mr. Fox:

...knowingly received child pornography, namely computer image files which contained sexually explicit materials involving minors engaged in sexually explicit conduct that had been mailed, or shipped, or transported in interstate commerce by any means, including by computer located at 9328 Highway 35, Bigfork, Montana, in violation of 18 U.S.C. § 2252A(a)(2).

Count III of the Indictment states, in pertinent part, that Mr. Fox:

...knowingly possessed numerous files containing an image or images or movies of child pornography that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by a computer located at 9328 Highway 35, Bigfork, Montana, and other locations or that were produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Given the stakes and complexity of the case, particularly the forensic review of the computer hard drives at issue, Mr. Fox filed an unopposed Motion For Ends Of Justice Continuance. In that motion, Mr. Fox detailed that:

> The Adam Walsh Act complicates this forensic review. On July 27, 2006, the President signed the Adam Walsh Child Protection and Safety Act, Pub. L. No. 109-248, 120 Stat. 587 (2006). One provision of that law, codified at 18 U.S.C. § 3509(m), restricts defense access to property or material that constitutes child pornography. Section 3509(m) provides:
>
> (m)    Prohibition on reproduction of child pornography-
>     (1)    In any criminal proceeding, any property or material that constitutes child pornography (as defined by § 2256 of this Title) shall remain in the care, custody and control of either the government or the court.
>
>     (2)(A)    Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate or otherwise reproduce any property or material that constitutes child pornography (as defined by § 2256 of this Title) so long as the Government makes the property or material reasonably available to the defendant.

Federal Defenders of Montana
P.O. Box 9380
Missoula, MT 59807-9380
(406) 721-6749

3

>  (B) For the purposes of (A), property or material shall be deemed to be reasonably available to the defendant if the government provides ample opportunity for inspection, viewing, and examination at a government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

Mr. Fox believes that this provision violates his 5th and 6th Amendment rights and intends to file a Constitutional challenge seeking a protective order permitting the defense to receive a mirror image of the hard drives and images at issue subject to restricted dissemination of the material. See *State v. Boyd*, 158 P.2d 54, 60-61 (Wash. 2007).

The Court granted Mr. Fox's motion and set the current schedule in this case. Consistent with that order, on January 11, 2008, Mr. Fox filed a Motion to Produce True Forensic, Bit by Bit E01 Images of All Hard Drives and All Other Electronic Media to Defense Counsel. On that same day, Mr. Fox filed an unopposed Defendant's Request for a Bench Trial and Written Waiver of Jury Trial Pursuant to Federal Rules of Criminal Procedure Rule 23(a)

The government filed is response brief in opposition to Mr. Fox's motion to produce on January 29, 2008.

On February 8, 2008, the Court set a bench trial for February 19, 2008.

Mr. Fox's Adam Walsh Act discovery motion remains pending with the Court.

On February 8, 2008, the parties met to discuss the pending motion. To resolve it, the parties agreed to defense review of the hard-drives at the government's ICE office in Great Falls. In *United States v. Hector*, CR-07-73-M-DWM, Ken Michael, the Computer System Administrator for the Federal Defenders of Montana, conducted the hard drive forensic review at the Great Falls ICE office during the last week of January, 2008, under new circumstances provided by the government. Mr. Hector in his case and Mr. Fox in this case consider those circumstances to satisfy the Adam Walsh Act's reasonable requirement. See 18 U.S.C. § 3509(m)(2)(B).

Under this new arraignment, Mr. Michael conducts his analysis in a closed-door conference

room. No one (from the government) is in the room with Mr. Michael, which permits him to conduct his analysis in confidence as well as to have counsel join him to discuss defense issues. Mr. Michael is informed that when he leaves for the day, the door is locked, which is important because forensic tools remain in the room until his analyses is complete.

As noted, the parties resolved the pending Adam Walsh Act motion by agreement to have the defense forensic review completed at the ICE office in Great Falls. To implement the agreement, the Federal Defenders of Montana have supplied the Montana State Crime Lab in Helena (where the seized hard drives are being held) with the necessary hard drives so that the contents of the seized hard drives can be copied to the clone hard drives supplied by the Federal Defenders of Montana. That copying is occurring right now. It is expected to be completed later this week. When it is completed, the cloned hard drives will be delivered by the State Crime Lab to the ICE office in Great Falls. The clone hard drives are expected to be in Great Falls by this Thursday, at which time Ken Michael can begin his forensic review. Mr. Michael can only conduct his review during normal business hours. It will take more than two days, at the least. Thus, the review will not be completed under the agreed-upon discovery arrangements until after February 19th. Given this resolution of the pending Adam Walsh Act motion, Mr. Fox seeks to continue the trial date.

As briefed previously, "[t]he Speedy Trial Act 'gave effect to a Federal defendant's right to speedy trial under the Sixth Amendment and acknowledged the danger to society represented by accused persons on bail for prolonged periods.'" *United States v. Rojas-Contreras*, 474 U.S. 231, 238 (1985) (J. Blackmun concurring) (citation omitted). The Speedy Trial Act requires a defendant to be tried within seventy days of his indictment or of his initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). The Act further provides, however, that:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within

which the trial of any such offense must commence:

> (8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(8)(A). The Ninth Circuit imposes exacting standards before an "ends of justice" continuance can be granted. As the Circuit explained, "a district court may grant an "ends of justice" continuance only if it satisfies two requirements: (1) the continuance is 'specifically limited in time'; and (2) it is 'justified [on the record] with reference to the facts as of the time the delay is ordered.'" *United States v. Clymer*, 25 F.3d 824, 828 (9th Cir. 1994) (quoting *United States v. Jordan*, 915 F.2d 563, 565 (9th Cir. 1990)) (additional citations omitted). Here, Mr. Fox requests a defined extension – a no later than the March 15, 2008 trial setting, per his early filed speedy trial waiver. As overviewed above, the known facts justify the requested extension. Mr. Fox believes the failure to grant a continuance would result in a miscarriage of justice, per 18 U.S.C. § 3161(h)(8)(A) and (B).

Mr. Fox believes that his case falls within 18 U.S.C. § 3161(h)(8)(B)(i) and (iv), which permit the Court to (i) grant a continuance to prevent a miscarriage of justice, or (iv) grant a continuance to permit the defense reasonable time necessary for effective preparation, and thus warrants a trial extension. These sections provide:

> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

P.O. Box 9380
Missoula, MT 59807-9380
(406) 721-6749

6

       (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

. . .

       (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    Based on the facts detailed above, Mr. Fox believes that trying the case on the current set schedule would result in a miscarriage of justice, because more time is necessary to ensure justice and permit reasonable time necessary for effective preparation. Mr. Fox's challenge to the discovery provisions of the Adam Walsh Act remains pending with the Court. As detailed above, however, the parties have resolved that dispute through the newly arranged defense forensic review at the Great Falls ICE office. That resolution, unfortunately, does not permit adequate time for Mr. Fox to be prepared for the February 19th bench trial.

    For these reasons, Mr. Fox moves the Court to continue the February 19th trial setting.

    RESPECTFULLY SUBMITTED this 12th day of February, 2008.

                                              RALPH LEON FOX

                              By:  */s/ John Rhodes*
                                    JOHN RHODES
                                    Assistant Federal Defender
                                    Federal Defenders of Montana
                                        Counsel for Defendant

CERTIFICATE OF SERVICE
L.R. 5.2(b)

I hereby certify that on February 12, 2008, a copy of the foregoing document was served on the following persons by the following means:

1, 2    CM-ECF

\_\_\_    Hand Delivery

3    Mail

\_\_\_    Overnight Delivery Service

\_\_\_    Fax

\_\_\_    E-Mail

1.    CLERK, UNITED STATES DISTRICT COURT

2.    MARCIA HURD
Assistant United States Attorney
United States Attorney's Office
P.O. Box 1478
Billings, MT 59103
    Counsel for the United States of America

By:  /s/ John Rhodes
    JOHN RHODES
    Assistant Federal Defender
    Federal Defenders of Montana
    Counsel for Defendant