JOHN RHODES
Assistant Federal Defender
Federal Defenders of Montana
Missoula Branch Office
P.O. Box 9380
Missoula, MT 59807
Phone: (406) 721-6749

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RALPH LEON FOX,<br><br>Defendant. | Case No. CR-07-47-M-DWM<br><br>**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR POST-CONVICTION DISMISSAL** |

Ralph Leon Fox (Mr. Fox), the Defendant in the above-entitled action, by and through his attorneys, John Rhodes and the Federal Defenders of Montana, hereby submits the following Brief in Support of his Motion for Post-conviction Dismissal.

## I. Introduction

On March 10, 2008, Mr. Fox was found guilty in a non-jury trial of three substantive counts and a forfeiture count. This motion focuses on Counts II and III.

Count II charged:

> That in or about 2005 and continuing until January 4, 2007, at Bigfork, in the State and District of Montana, and elsewhere, the defendant, RALPH LEON FOX, knowingly received child pornography, namely computer image files which contained sexually explicit materials involving minors engaged in sexually explicit conduct that had been mailed, or shipped, or transported in interstate commerce by any means, including by computer located at 9328 Highway 35, Bigfork, Montana, in violation of 18 U.S.C. § 2252A(a)(2).

Count III charged:

> That in or about 2005 and continuing until January 4, 2007, at Bigfork, in the State and District of Montana, and elsewhere, the defendant, RALPH LEON FOX, knowingly possessed numerous files containing an image or images or movies of child pornography that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by a computer located at 9328 Highway 35, Bigfork, Montana, and other locations or that were produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

## II. Argument

To impose punishment on both Count II and Count III of the Indictment violates the Double Jeopardy Clause of the Fifth Amendment by subjecting Mr. Fox to punishment for a crime and a lesser included offense. *United States v. Dixon*, 509 U.S. 688, 696 (1993). The rationale behind the rule is that an Indictment that divides an act into several criminal charges allows multiple punishments for what is in essence only a single illegal act. *United States v. Jewell*, 827 F.2d 586, 588 (9th Cir. 1987).

Rule 12 of the Federal Rules of Criminal Procedure dictates that counsel must raise all defenses and objections based on defects in the Indictment prior to trial. Fed. R. Crim. P. 12(b)(2).

Federal Defenders of Montana
P.O. Box 9380
Missoula, MT 59807-9380
(406) 721-6749

> However, the Advisory Committee Notes indicate that a double jeopardy objection is not waived under Rule 12 if it is not made prior to trial: "In the other group of objections. . ., which the defendant at his option may raise by motion before trial, . . . . [are] such matters as former jeopardy. . . ." Fed. R. Crim. P. 12 advisory committee's note 1944 (emphasis added). While a double jeopardy challenge can be waived, for example, as part of a plea agreement or if not asserted at the district court level, see, e.g., *Securities and Exch. Comm'n v. Palmisano*, 135 F.3d 860, 863 (2d Cir.), *cert. denied*, 142 L. Ed. 2d 462, 119 S. Ct. 555 (1998), we do not interpret Federal Rule of Criminal Procedure 12 to bar a double jeopardy argument qua multiplicity argument when it is made to the district court in a posture other than that of a pre-trial motion. It is an argument that "may" be made as part of a pre-trial motion or it can be made at a later time. See Fed. R. Crim. P. 12; see also *Pacelli v. United States*, 588 F.2d 360, 363 n.8 (2d Cir. 1978) (reviewing advisory committee notes and holding that "failure to raise a claim of former jeopardy before trial does not constitute a waiver under Rule 12(b)"). This might be a more troubling issue if the objection were never made. Here, however, it was at least made after the jury rendered its verdict. We hold it was not waived. We continue, then, to the substantive multiplicity analysis.

*United States v. Chacko*, 169 F.3d 140, 145-146 (2d Cir. 1999).

The Ninth Circuit Court of Appeals recently reiterated that it

> recognize[d] the distinction between objections to multiplicity in the indictment, which can be waived, and objections to multiplicitous sentences and convictions, which cannot be waived. *See United States v. Smith*, 424 F.3d 992, 1000 & n.4 (9th Cir. 2005) ("Multiplicity of sentences is unlike the issue of multiplicity of an indictment which can be waived if not raised below.").
>
> This conclusion is consistent with [the Ninth Circuit's] holding in *Launius v. United States*, 575 F.2d 770 (9th Cir. 1978). In that case, [the Court] held that a defendant's guilty plea to a multiplicitous indictment did not constitute a waiver of the right to raise a double jeopardy claim as to his multiplicitous convictions and sentences. *Id.* at 771-72.

*United States v. Zalapa*, 509 F.3d 1060 (9th Cir. 2007).

Here, of course, Mr. Fox raised the instant multiplicity and double jeopardy challenge in his Proposed Findings of Fact and Conclusions of Law.

Under plain error review, the 9th Circuit recently ruled that the "simultaneous conviction for both receipt and possession of child pornography violates the Fifth Amendment's prohibition on double jeopardy." *United States v. Davenport*, 2008 WL 732491, *3 (9th Cir. March 20, 2008).

Federal Defenders of Montana
P.O. Box 9380
Missoula, MT 59807-9380
(406) 721-6749

Because possession of child pornography is a lesser included offense of receipt of child pornography, the court explained "that, while the government may have been within constitutional boundaries to include both offenses in the indictment, and could permissibly have continued to prosecute Davenport, for both offenses through trial, entering judgment against him on these counts was multiplicitous and therefore in violation of the Fifth Amendment's prohibition of double jeopardy." *Id.* at *3 (citation omitted). The court summarized:

> Having rejected the government's argument that possession of child pornography requires proof of an element that receipt does not, we conclude that, under the *Blockburger* test, the offense of processing child pornography is a lesser included offense of the receipt of child pornography. Furthermore, given that Congress has not clearly indicated its intent to the contrary, the district court erred when it imposed a second and constitutionally impermissible conviction on Davenport for the same conduct, in violation of the Fifth Amendment's Double Jeopardy Clause. *See Hunter*, 459 U.S. at 366. The fact that the terms of the two sentences run concurrently does not alter our conclusion. See *Ball*, 470 U.S. at 864-65 (discussing potential adverse collateral consequences of sentences violating double jeopardy, even if concurrent, and concluding that "[t]he second conviction, even if it results in no greater sentence, is impermissible punishment.")

*Id.* at *6. The court then remanded and instructed the district court to "vacate Davenport's conviction on one of the two counts, allowing for it to be reinstated without prejudice if his other conviction should be turned on direct or collateral review." *Id.* at *6.

Here, the Court found Mr. Fox guilty of Counts II and III of the Indictment, the counts alleging Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2) and Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). *Davenport* requires the Court to dismiss one of those counts.

Federal Defenders of Montana
P.O. Box 9380
Missoula, MT 59807-9380
(406) 721-6749

RESPECTFULLY SUBMITTED this 21st day of April, 2008.

RALPH LEON FOX

By: */s/ John Rhodes*
JOHN RHODES
Federal Defenders of Montana
Counsel for Defendant

Federal Defenders of Montana
P.O. Box 9380
Missoula, MT 59807-9380
(406) 721-6749

**CERTIFICATE OF SERVICE**
**L.R. 5.2(b)**

I hereby certify that on April 21, 2008, a copy of the foregoing document was served on the following persons by the following means:

1, 2 CM-ECF

____ Hand Delivery

____ Mail

____ Overnight Delivery Service

____ Fax

____ E-Mail

1. CLERK, UNITED STATES DISTRICT COURT

2. MARCIA HURD
Assistant United States Attorney
United States Attorney's Office
P.O. Box 1478
Billings, MT 59103
Counsel for the United States of America

By: */s/ John Rhodes*
JOHN RHODES
Federal Defenders of Montana
Counsel for Defendant