**MARCIA HURD**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 1478
Billings, MT 59103
2929 Third Ave. North, Suite 400
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
E-mail: Marcia.hurd@usdoj.gov

**ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RALPH LEON FOX,<br><br>Defendant. | CR 07-47-M-DWM<br><br><br>**RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** |
|---|---|

Fox has filed a sentencing memorandum challenging the inclusion of victim impact statements, and the statutory mandatory life sentence.

**I. Victim Impact Statements**

Fox argues that parental or sibling letters are not permitted under 18 U.S.C. Section 3509(f), and that only a child or guardian ad litem "should be permitted to

express the views of the child." Fox Sentencing Memorandum, p. 2. He also argues that Rule 32(c) only provides for a parent to speak at sentencing, not to prepare a victim impact statement for the presentence report.

Section 3509(f) states in whole:

> (f) Victim impact statement . – In preparing the presentence report pursuant to rule 32(c) of the Federal Rules of Criminal Procedure, the probation officer shall request information from the multidisciplinary child abuse team and other appropriate sources to determine the impact of the offense on the child victim and any other children who may have been affected. A guardian ad litem appointed under subsection (h) shall make every effort to obtain and report information that accurately expresses the child's and the family's views concerning the child's victimization. A guardian ad litem shall use forms that permit the child to express the child's views concerning the personal consequences of the child's victimization, at a level and in a form of communication commensurate with the child's age and ability.

18 U.S.C. Section 3509(f).

Section 3509(f) is part of the Child Victim's and Child Witnesses' Rights Act, and confers upon child victims and witnesses certain rights; it does not limit actions but simply sets forth the baseline for what child victims and witnesses rights are. The section makes clear that the child's voice, and that of any other children who may have been affected, along with the family's views must be sought.

"Victim" has been defined in Chapter 110 involving child pornography cases as "the individual harmed as a result of a commission of a crime under this chapter, including, in the case of a victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardian of the victim or representative of the victim's estate, another family member, or any other person appointed as suitable by

the court.. ." 18 U.S.C. Section 2559(c). Certainly a parent is a "legal guardian" or "another family member" of a child who has been victimized.

Rule 32(d)(2)(B) requires the presentence report author to obtain verified information "that assesses the financial, social, psychological, and medical impact on any individual against whom the offense has been committed." That has been done in this case by virtue of the child and family victim impact statements submitted to the presentence report author. Finally, under 18 U.S.C. Section 3661, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence." Submission of the victim impact statements by the child and family members here is completely appropriate and Fox's objection should be overruled.

**II. Mandatory Life Sentence**

Fox argues that the court has the authority under 18 U.S.C. Section 3553(a), *Booker* and *Kimbrough* to sentence Fox to less than the life sentence mandated by law under 18 U.S.C. Section 3559(e). However, Congress has expressly overridden the sentencing provisions in 3553(a) by enacting more specific legislation in 3559(e) that requires a life sentence as the mandatory minimum in certain specified cases. In addition, the Ninth Circuit has already held that "Booker does not bear on mandatory minimums." *United States v. Decoud*, 456 F.3d 996, 1021 & n. 15 (9th Cir. 2006)) quoting *United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005)); see also, *United States v. Dare*, 425 F.3d 634, 643 (9th Cir. 2005).

Fox tries to finesse the clearly stated law by claiming that the Circuit has "not considered whether the district court has the statutory authority to tailor a sentence to less than an assumed 'mandatory minimum' sentence established by 18 U.S.C. § 2251(a) if it determines in a particular case that such a sentence conflicts with the goals of §3553(a)." Fox Sent. Memo, p. 7.  Analysis of various sentencing statutes as set forth by Fox isn't the issue, nor are the rules of statutory construction.  Fox's claim that Section 3553(a) "merely requires the district court to consider 'available' sentences is disingenuous at best  – Fox's lifetime mandatory minimum sentence under 3559(e) is not an "available" sentence, but rather is the required sentence by law.  There is no ability under Section 3553(a) for the court to disregard the mandatory minimum sentence of life under any theory advanced by Fox.

Finally, Fox raises an Eighth Amendment challenge to the required life sentence.  The Eighth Amendment of the United States Constitution bars the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  In *Roper v. Simmons*, the U.S. Supreme Court stated this amendment "guarantees individuals the right not to be subjected to excessive sanctions."  543 U.S. 551, 560, (2005).  "The right flows from the basic precept of justice that punishment for crime should be graduated and proportioned to the offense."  *Id*.

Courts are extremely circumspect when applying Eighth Amendment review of prison terms, even though it has been applied to lengthy sentences of incarceration.  *State v. Davis*, 206 Ariz. 377, 381, 79 P.3d 64, 68 (2003).  In *Ewing v. California*, the Supreme Court has noted that noncapital sentences are subject only to a "narrow proportionality principle" which prohibits sentences that are "grossly disproportionate" to

the crime.  538 U.S. 11, 20, 23, 123 S.Ct. 1179 (2003) (O'Conner , J., concurring in the judgement) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 996-97 (1991) (Kennedy, J., concurring in part and concurring in the judgement)).

In *Ewing v. California*, the Court also rejected an Eighth Amendment challenge to a prison term of twenty-five years to life under California's "three strikes law" for a recidivist who was convicted of stealing golf clubs worth $1,200.  538 U.S. 11 (2003).  Justice O.Conner, in a plurality opinion, recognized that the law had been criticized for its lack of effectiveness and lack of wisdom, but, nonetheless, she noted that the State of California had a "reasonable basis" for believing the law would substantially advance the deterrence of crime.  *Id.* at 24-28.   Justice O'Conner went on to state that even though the sentence was long, "it reflects a rational legislative judgment, entitled to deference, that offenders who have committed serious crimes" must be incapacitated.  *Id.* at 30.

Both *Hamelin* and *Ewing* reaffirm that only in "exceedingly rare" cases will a sentence for a term of years violate the cruel and unusual punishment prohibition stated in the Eighth Amendment.  *Ewing*, 538 U.S. at 22.  In order to make this determination, a court must first determine whether or not the legislature "has a reasonable basis for believing that [a sentence] advance[s] the goals of [its] criminal justice system in any substantial way."  *Id.* at 28, 123 S.Ct. 1179 (quoting *Solem v. Helm*, 463 U.S. 277, 297 n. 22 (1983).  After making that determination, the court then considers if the sentence of the particular defendant is grossly disproportionate to the crime he committed.  *Id.*  The court need not look beyond this threshold question if it arguably furthers the State's

penological goals and reflects "a rational legislative judgment, entitled to deference." *Id.* at 30.

The Court emphasizes that the decision of the legislature must be entitled to deference. Here, Congress had a reasonable basis for requiring lifetime imprisonment for repeat sex offenders of children. Elimination of child pornography and protection of children from the deleterious effects of this form of sexual exploitation provides a compelling governmental interest in effective criminal penalties. Congressional Findings: Pub. L. 104-208 Div. A. Title I, Sec. 101(a) 1996. Criminalizing the production of child pornography and sexual exploitation of children through child pornography is tied directly to state and national efforts to deter its production and distribution. As most distribution of this material occurs "underground," the legislature must be permitted to "stamp out this vice at all levels in the distribution chain." *Osborne v. Ohio*, 495 U.S. 103, 109, 110 S.Ct. 1691 (1990). In 2003, Congress made many findings regarding child obscenity and pornography prevention including that "[t]he Government has a compelling state interest in protecting children from those who sexually exploit them, including both child molesters and child pornographers." Congressional Findings: Pub. L. 108-21, Title V, Subtitle A, § 501, 117 Stat. 676, Subsection 2. Congress even went on to state "[t]he prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance, and this interest extends to stamping out the vice of child pornography at all levels in the distribution chain" *Id.*

The Ninth Circuit has held that challenges to the proportionality of sentences are to be assessed by applying objective criteria, including "(1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the

same jurisdiction; and may include (3) the sentences imposed for commissions of the same crime in other jurisdictions." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (quoting *Solem v. Helm*, 463 U.S. 277, 290-92, 103 S.Ct. 3001 (1983) (internal quotations omitted).

However, "[c]omparative analysis of sentences for other crimes is only appropriate in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *United States v. Harris*, 154 F.3d 1082, 1084 (9th Cir. 1998). (quoting *Harmelin*, 501 U.S. at 1005). But, in *Atkins v. Virginia*, the Supreme Court stated, "[W]e have pinpointed that the clearest and most reliable objective evidence of contemporary values is the legislation enacted by the country's legislatures." 122 S.Ct 2242, 2247 (2002).

Only once in the past 25 years has the Supreme Court sustained an Eighth Amendment challenge to the length of a prison sentence. In that case, *Solem v. Helm*, a judge sentenced a non-violent repeat offender to life imprisonment without parole for the crime of writing a "no account" check for one hundred dollars. 463 U.S. at 279-82. The Court noted that this crime was very minor and the life sentence was "the most severe punishment that the State could have imposed." *Id.* at 297. The Court further noted that the crime was "one of the most passive felonies a person could commit." *Id*.

*Solem* did not involve a mandatory sentence, like the sentence Fox is facing, but rather, concerned a judge's discretionary decision to impose the maximum authorized sentence. Therefore, *Solem* did not implicate the "traditional deference" that courts must afford to legislative policy choices when reviewing statutory mandated sentences. *See Ewing,* 538 U.S. at 25 (O'Connor, J., announcing judgement of the Court);

*Harmelin*, 501 U.S. at 1006-07 (Kennedy, J., concurring in part and concurring in the judgement); *Solem,* 463 U.S. at 299, n. 26 (noting that the Court's decision "did not question the legislature's judgment.").

In *Rummel v. Estelle*, the Supreme Court observed that federal courts should be reluctant to review legislatively mandated terms of imprisonment, and that successful challenges to the proportionality of particular sentences should be "exceedingly rare." 445 U.S. 263 (1980) (citing *Hutto v. Davis*, 454 U.S. 370, 374 (1982)).  This is not one of those exceedingly rare cases.  Fox is directly responsible for sexually abusing several children and photographing at least one, as well as collecting and organizing images of little children being sexually exploited in the worst possible way.  The mandatory minimum sentence of life as a repeat offender of children is not grossly disproportionate to the crimes he has committed.

DATED this 21st day of July, 2008.

                WILLIAM W. MERCER
                United States Attorney

                <u>/s/ Marcia Hurd</u>
                MARCIA HURD
                Assistant U.S. Attorney
                Attorney for Plaintiff