**MARCIA HURD**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 1478
Billings, MT 59103
2929 Third Ave. North, Suite 400
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
E-mail: Marcia.hurd@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>RALPH LEON FOX,<br><br>  Defendant. | CR 07-47-M-DWM<br><br>RESPONSE TO DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM |

Fox filed a supplemental sentencing memorandum, challenging the mandatory life sentence.

Congress has mandated lifetime imprisonment for convicted repeat sexual offenders against children. Under 18 U.S.C. § 3559(e)(1), a "person who is convicted of a Federal sex offense in which a minor is the victim shall be sentenced to life

imprisonment if the person has a prior sex conviction in which a minor was the victim, unless the sentence of death is imposed." The statute requires three elements: the current conviction must be a "federal sex offense", the victim must be a "minor" and the defendant must have a "prior sex conviction" in which a minor was the victim.

Fox concedes that he meets the first two elements. His current conviction under Section 2251 is a "federal sex offense" in which there is a "minor victim." Fox challenges the third element that he has a "prior sex conviction" as defined in the statute.

Under 18 U.S.C. § 3559(e)(2)(B), a "prior sex conviction" is a "conviction for which the sentence was imposed before the conduct occurred constituting the subsequent Federal sex offense, and which was for a Federal sex offense or a State sex offense." Under that two-pronged definition, Fox was sentenced on his prior conviction in 1984, well before his abuse in this case. But that conviction must also be "State sex offenses" as defined under the statute.

The crux of Fox's argument is the definition of "state sex offense." Here is the text of the statute:

> an offense under State law that is punishable by more than one year in prison *and consists of conduct that would be a Federal sex offense if*, to the extent or in the manner specified in the applicable provision of this title –
>
>> (i) the offense involved interstate or foreign commerce, or the use of the mails; or

> (ii) the conduct occurred in any commonwealth, territory, or possession of the United States, within the special maritime and territorial jurisdiction of the United States, in a Federal prison, on any land or building owned by, leased to, or otherwise used by or under the control of the Government of the United States, or in the Indian country (as defined in section 1151). . .

18 U.S.C. § 3559(e)(2)(B) (emphasis added).

The meaning of that provision is plain. It states a hypothetical. It uses the word "if," and it speaks of an offense that "would be" a federal offense "if" there were an interstate commerce nexus, or "if" it occurred in parts of the United States where there would be federal jurisdiction – *i.e.*, federal land or enclaves.

Fox's argument that the provision only applies if the state offense was *in fact* the same as a federal offense – the hypothetical nature of the plain text notwithstanding – is meritless. Congress was not saying that the state offense must, standing alone, be a federal offense as well. Congress spoke in a hypothetical. The state offense "would be" a federal offense "if" certain other conditions were present. The statute is clear.

As to the specifics, there is no question that Fox's history satisfies the correct reading of the statute. Fox was convicted of Lewd and Lascivious Acts Upon a Child Under Age 14 and Oral Copulation-Victim Under Age 14, pursuant to Sections 288(a)9 and 288(c) of the California criminal code. Fox committed the sexual acts against small daughter of his then-girlfriend. While he cites *United*

*States v. Sinerius,* 504 F.3d 737 (9th Cir. 2007) in support of his argument that his California conviction doesn't count, *Sinerius* dealt with the provisions of 18 U.S.C. § 2252A(b) - not the lifetime recidivist provisions under § 3559.  The proper analysis is set forth above and his California convictions for sexually abusing a young female child are properly used to mandate the life sentence.

Fox's prior state convictions for sexually abusing a young female child are *conduct* that is equivalent to either 18 U.S.C. § 2241(c), aggravated sexual abuse involving a sexual act against a child, or 18 U.S.C. § 2244(a)(1), abusive sexual conduct involving sexual contact against a child, had it occurred in Indian country. Therefore, his prior state convictions are qualifying "state sex offenses" as required by statute, and thus section 3559(e)'s lifetime sentence must be imposed.

Fox next argues that he would prefer to be subject to the recidivist provision of section 2251, which is more lenient.   He portrays the potential application of those provisions as an ambiguity in the statutory scheme, or even contradiction between provisions.  He is wrong.

The recidivist provisions in Section 2251 are much broader than those in Section 3559(e).  Section 2251 states:

> ... but if such person has one prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, abusive sexual contact involving a minor or ward, or sex trafficking of children, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisonment for not less than 25 years nor more than 50 years, but if

> such person has 2 or more prior convictions. . . such person shall be imprisoned not less than 35 years nor more than life.

18 U.S.C. § 2251(e).  See also, *United States v. Sinerius*, 504 F.3d 737, 743-44 (9th Cir. 2007) for a full discussion of the use of the phrase "relating to."

Thus, Section 2251(e)'s broader recidivist provision applies to a whole list of prior criminal offenses that 3559(e) does not.  Section 2251 includes "possession, receipt, mailing, sale, distribution, shipment or transportation of child pornography" as priors to which the 25-50 or 35-life recidivist provisions apply.  Section 3559(e) does not cover any of those prior offenses as being eligible for a mandatory life sentence.  Congress obviously sought to have Section 2251(e) have a much broader reach than 3553(e)'s narrow reach which does not apply to any child pornography offenses other than production.  Therefore, Section 3559(e) is the more specific of the two statutes and governs over the more general found in 2251(e).  It is completely clear that Congress enacted Section 3559(e) to ensure that repeat and dangerous pedophiles such as Fox who have prior hands-on offenses have no opportunity to get out of prison and victimize children once again.

Fox next claims that his due process and equal protection rights are violated by the differences found in the recidivist provisions of § 2252A and § 3559(e).  He argues that similarly situated defendants are thus treated differently under the two provisions.  Fox's argument makes no sense.  He is being sentenced under § 3559(e), which allows for an escape clause for consensual, non-qualifying felonies.  Fox is not

being sentenced under the recidivist provisions of § 2252A, and thus his argument must fail.

Finally, Fox claims that the recidivist provisions are unconstitutional under *Booker's* affirmance of *Apprendi*. That argument is controlled by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which held that the fact of a prior conviction need not be found by a jury beyond a reasonable doubt.

Fox's life sentence is not only required by statute, but is also the only reasonable sentence given his obsession with sexually abusing little girls and taking sexually explicit photographs of them. Anything less would put society at risk should Fox be free to befriend and sexually abuse yet another young girl.

DATED this 3rd day of September, 2008.

                WILLIAM W. MERCER
                United States Attorney

                /s/ Marcia Hurd
                MARCIA HURD
                Assistant U.S. Attorney
                Attorney for Plaintiff